## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Franz George Paul,<br>    Debtor. | CHAPTER 13 |
| Nationstar Mortgage LLC, servicer for U.S. Bank National Association, as Trustee, successor in interest to Wilmington Trust Company, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-20,<br>    Movant,<br>v.<br>Franz George Paul,<br>    Debtor, | BANKRUPTCY CASE NUMBER<br>17-02594/JJT<br><br>11 U.S.C. § 362 |
| Charles J. DeHart, III, Trustee,<br>    Additional Respondent. | |

## STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1.    This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2.    The post-petition arrearages on the mortgage held by Movant on Debtor's property at 208 Spyglass Court f/k/a 1019 Spyglass Court, East Stroudsburg, PA 18302 (the "Property"), are $17,997.71.  The breakdown of the arrears is as follows:

    Post-Payments from July 1, 2017 to March 1, 2018 at $1,885.19 each = $16,966.71;
    Bankruptcy Fees    $850.00
    Bankruptcy Costs    $181.00

3.    If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtor shall cure the arrearages in the following manner:

(a) The balance of the arrears, to-wit, $17,997.71, shall be cured by the Debtor through the Chapter 13 Plan;

(b) Debtor shall resume making the regular monthly mortgage payments on April 1, 2018 in the amount of $1,885.19, or as same may be adjusted from time to time in accordance with Paragraph (e);

(c) If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

(d) All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, TRUSTEE FUNDS or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Nationstar Mortgage LLC, servicer for U.S. Bank National Association, as Trustee, successor in interest to Wilmington Trust Company, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-20, at P.O. Box 619094, Dallas, Texas 75261-9741;

(e) Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

(f) All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5. Debtor understands that he shall be required to file an amend Chapter 13 Plan to pay the entire new adjusted $44,290.13 arrearage claim of Movant (original arrearage claim of $26,292.42 + post arrears of $17,997.71) by March 30, 2018. Movant shall file an amended proof of claim with the new arrears amount of $44,290.13.

5. In the event that Debtor fails file an Amended Chapter 13 Plan within the time period prescribed above, or if Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtors may cure the default within 15 days of the notice. If the default continues to the following month, the Debtors shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, the Court shall enter an Order granting Movant relief from the Automatic Stay.

6. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

6. After Movant sends two (2) Notices of Default for Debtor's failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a third Notice of Default.

7. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of

4 Paul Stipulation Bankruptcy Case # 17-02594/JJT

$100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

8. Debtor agrees that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 3/29/18

Kevin S. Frankel, Esquire
Attorney for Movant

Dated: 3/29/18

Patrick James Best, Esquire
Attorney for Debtor

Dated: 4/2/18

Charles J. DeHart, III
Trustee